**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIGRANUHI SAYLOR, | No. 18-55694 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-08984-FMO-PJW |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Tigranuhi Saylor appeals pro se from the district court's judgment dismissing her diversity action arising from a foreclosure sale and payments she made on a refinance loan secured by a deed of trust on her property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Saylor's action as barred by the doctrine of res judicata because her claims were raised, or could have been raised, in a prior action that involved the same primary rights and parties, and resulted in a final judgment on the merits. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (elements of res judicata under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated.").

The district court did not abuse its discretion by denying Saylor leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion by considering defendant's allegedly late-filed motion to dismiss or by construing Saylor's motion for relief from the scheduling conference as a sur-reply to the motion to dismiss. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation . . . .").

The district court did not abuse its discretion by not holding a hearing on the parties' motions. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

We reject as without merit Saylor's contentions concerning defense counsel's alleged violations of her due process and free speech rights.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Saylor's request for judicial notice (Docket Entry No. 8) is denied as unnecessary.

Saylor's motion for reconsideration and for clarification (Docket Entry No. 18) is denied.

**AFFIRMED.**

18-55694